**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

[Filed Electronically]

| | |
|---|---|
| **BRETTON WESTMORELAND,** )<br>      )<br>            **PLAINTIFF** )<br>      )<br>**v.** )<br>      )<br>**BUTLER COUNTY, KENTUCKY** )<br>Serve:      **Tim Flener** )<br>            County Judge-Executive )<br>            P.O. Box 626 )<br>            Morgantown, KY 42261 )<br>**-and-** )<br>      )<br>**ROCKY TYREE, individually** )<br>Serve:      Butler County Jail )<br>            112 N. Warren Street )<br>            Morgantown, KY 42261 )<br>**-and-** )<br>      )<br>**KELLI FUGATE, individually** )<br>Serve:      Butler County Jail )<br>            112 N. Warren Street )<br>            Morgantown, KY 42261 )<br>      )<br>            **DEFENDANTS.** ) | 1:19-cv-73-GNS |

# COMPLAINT

### I. Introduction

1.  Plaintiff Bretton Westmoreland complains of the misconduct of Defendants named in the caption above. As more specifically set forth below, after Plaintiff was incarcerated at the Butler County Jail ("the Jail"), Defendants failed to protect him from assault and then failed and refused to provide him treatment for the obviously serious injuries he suffered as a result. Defendants' conduct was objectively unreasonable and deliberately indifferent to Plaintiff's

security, safety, health and well-being, and to his constitutional and common law rights. It is the purpose of this action to recover the actual damages Plaintiff sustained as a result of Defendants' misconduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

## II. Jurisdiction and Venue

2. Plaintiff seeks damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. §1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed him by the Eighth and Fourteenth Amendments to the Constitution of the United States. Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. §§1331 and 1343. Plaintiff also seeks damages for negligence and gross negligence, and Defendants' violation of KRS 441.045(3). Butler County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## III. Parties

3. Plaintiff is a resident of Butler County, Kentucky.

4. Defendant Butler County, at all times mentioned herein, employed, was responsible for the establishment of policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the individual Defendants named above and the officers and employees of the Jail. Butler County was also statutorily responsible for the care and custody of inmates in its Jail.

5. Defendant Rocky Tyree was at all times mentioned herein acting individually as Jailer of Butler County, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, Defendant Fugate and the officers and employees of the Jail. Defendant Tyree was also statutorily responsible for the care and custody of inmates in the Jail.

6. Defendant Fugate was at all times mentioned herein acting individually as a Senior Deputy of the Jail, and as such established policies either formally or by custom for, and was responsible for the employment, training, supervision and conduct of, the officers and employees of the Jail.

7. Defendants Tyree and Fugate personally and directly participated in the mistreatment of Plaintiff described below, and/or acquiesced in, contributed to, encouraged, implicitly authorized or approved of such mistreatment.

### IV. Nature of Defendants' Conduct

8. Defendants, individually and in conspiracy with one another, engaged in the conduct described below under color of the law of the Commonwealth of Kentucky and Butler County. The offenses described below resulted from the failure of Defendants to employ qualified persons for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or to promulgate appropriate operating policies and procedures either formally or by custom to protect the constitutional and common law rights of Plaintiff, and to meet Defendants Butler County and Tyree's statutory responsibilities to care for the safety, security, health and obvious medical needs of inmates in the Jail. Defendants' conduct was objectively unreasonable, intentional and grossly negligent, indicated active malice toward Plaintiff and a total, deliberate and reckless disregard for and indifference to his life, health, medical needs, and constitutional and common law rights, and justifies an award of punitive damages in addition to the actual damages he is entitled to recover.

## V. Facts

9. On or about Tuesday, June 5, 2018, Plaintiff, while serving a sentence in the Jail, was assaulted by one or more inmates. As a consequence, he suffered obviously serious injuries, including but not limited to a severely fractured jaw.

10. Both Plaintiff and his mother had warned Defendants beforehand that Plaintiff was likely to be assaulted by inmates in the Jail because such inmates believed Plaintiff to be an informant. Despite Plaintiff's and his mother's pleas that Plaintiff be provided protection from such assault, Defendants did nothing to protect Plaintiff and instead knowingly and intentionally left him in the Jail's general population and vulnerable to the assault which subsequently occurred.

11. After the assault on Tuesday, June 5, 2018, Plaintiff was transported to the Emergency Room of the Ohio County Hospital ("the Hospital"), where his condition was stabilized. Plaintiff was returned to the Jail with orders that he see an oral surgeon the very next day, Wednesday, for repair of his broken jaw.

12. However, instead of following the Hospital's orders for follow-up treatment for the injuries to Plaintiff they had knowingly failed and refused to prevent, Defendants instead effectuated Plaintiff's release from the Jail on his own recognizance for medical treatment, albeit requiring him to return to the Jail at a later time to finish serving his sentence. Defendants actions in this regard were motivated solely by a desire to avoid the cost of treating the injuries Plaintiff had sustained as a result of Defendants' misconduct.

13. As a consequence, instead of receiving prompt medical treatment for his injuries the day following his assault, as ordered by the Hospital, Plaintiff, despite his best, diligent efforts, was unable to obtain treatment for approximately two weeks following his release. By that time, the condition of his injuries had deteriorated significantly and grown more complicated, causing

mental and physical pain and suffering and requiring treatment that could have been avoided had Defendants followed the Hospital's orders.

14. In addition, Plaintiff, not Defendants, has been assessed the costs of his medical treatment despite his indigency and the fact that, despite notice, Defendants had failed and refused to prevent his assault and injuries.

15. On information and belief, it is a custom and practice of Defendants to effect the release of an inmate on his or her own recognizance when such inmate is in need of medical treatment for the sole purpose of avoiding any payment obligation associated therewith, in flagrant violation of KRS 441.045(3). Such custom and practice "is both unconscionable and against public policy," and "is unenforceable for the purpose of orchestrating exoneration of the county from its lawful obligation under KRS 441.045(3)." *Hospital of Louisa v. Johnson Co. Fiscal Court*, 2011 WL 1103054 (Ky. March 24, 2011).

## VI. Causes of Action

### A. Count I

16. Defendants' conduct was objectively unreasonable, intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference to Plaintiff's life as well as his rights and the risk of harm to him occasioned by such conduct.

17. Plaintiff believes and, after reasonable discovery, will show that Plaintiff's treatment by Defendants was the result of policies, customs and practices of Defendants either written or unwritten, and that such policies, customs and practices were the "moving force" behind his injuries. Such practices constitute an arbitrary use of government power, and evince a total, intentional, deliberate and unreasonable disregard for and indifference to the lives and

constitutional and common law rights of inmates at the Jail, including Plaintiff, and the wholesale violations of those rights likely to result from the regular and systematic pursuit of such practices.

18. As a result of the foregoing, Plaintiff, through Defendants' objectively unreasonable, deliberate indifferent and grossly negligent -- if not reckless, intentional and/or malicious -- conduct, failed to protect Plaintiff, and he was subjected to cruel and unusual punishment and denied due process of law in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983.

### B. Count II

19. By virtue of the foregoing, the individual Defendants named above were negligent and grossly negligent.

### C. Count III

20. By virtue of the foregoing, Defendants violated KRS 441.045(3).

### VII. Damages

21. Plaintiff's injuries were preventable, and he is therefore entitled to recover for the wanton and unnecessary physical and mental pain and suffering he has endured and will endure in the future, the injuries he sustained, including all medical expenses past and future, and the income he may have lost as a consequence of his injuries and any consequent disabilities. Also, Defendants' violations of Plaintiff's constitutional and common law rights were objectively unreasonable, cruel, malicious, and evinced a total and reckless disregard for his life and those rights, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE**, Plaintiff requests a trial by jury, and further requests that he be awarded actual and punitive damages, pre- and post-judgment interest, costs, attorneys' fees and all other relief to which he is entitled under law or in equity.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, KY 40059
502/292-2452
gbelzley@aol.com

Gary S. Logsdon
P.O. Box 382
101 Main Cross Street
Brownsville, KY 42210
270/597-2134
gary@garylogsdonlaw.com

*Counsel for Plaintiff*